IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BILL LIETZKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-cv-206-WKW-JTA |
| | ) | (WO) |
| CITY OF BIRMINGHAM, Alabama, | ) | |
| and PATRICK D. SMITH, Chief, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE
## AND ORDER TO SHOW CAUSE

Before the court is the Complaint[1] (Doc. No. 1) filed by *pro se* Plaintiff Bill Lietzke,

who is proceeding *in forma pauperis*. (Doc. No. 8.) For the reasons stated below, the court

recommends (1) that Lietzke's claims brought pursuant to 42 U.S.C. § 1983 be dismissed

with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon

which relief can be granted and as frivolous pursuant to § 1915(e)(2)(B)(i); and (2) that

Lietzke's remaining state law claim for false imprisonment be transferred to the United

States District Court for the Northern District of Alabama, Southern Division.

---

[1] This case and *Lietzke v. Greyhound Lines, Inc*., Case No. 2:21-cv-00208-WKW-JTA, arise out of the same April 18, 2020 incident at the Greyhound bus terminal in Birmingham, Alabama. Lietzke sues different Defendants in this case than in *Lietzke v. Greyhound Lines, Inc*., Case No. 2:21-cv-00208-WKW-JTA.

Further, the undersigned recommends that the court enter an order prohibiting Lietzke from proceeding *in forma pauperis* in this District against Defendants City of Birmingham and Patrick D. Smith with respect to any cause of action arising out of the incidents that form the basis of his Complaint in this case, and that the court advise Lietzke that any such cases filed against Defendants in this District shall be subject to summary dismissal with prejudice for failure to comply with court orders. The undersigned also recommends that the court enter sanctions similar to those recommended in other cases[2] to ensure that, in the future, Lietzke does not proceed *in forma pauperis* in this District on vexatiously repetitive complaints.

## I.     STANDARD OF REVIEW

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is

---

[2] Today, in the following cases, the undersigned is recommending that Lietzke be required to file documentation of other litigation: *Lietzke v. County of Montgomery*, Case No. 2:21-cv-00209-MHT-JTA; *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:21-cv-00208-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:21-cv-00207-ECM-JTA; *Lietzke v. City of Birmingham*, Case No. 2:21-cv-00206-ECM-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01033-MHT-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01032-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01031-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01030-ECM-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01029-RAH-JTA; and *Lietzke v. County of Montgomery*, Case No. 2:20-cv-01028-ECM-JTA.

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

3

A claim is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Tucker v. Trump*, No. 1:17-CV-291-MW-GRJ, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017), *report and recommendation adopted*, No. 1:17CV291-MW/GRJ, 2018 WL 1542389 (N.D. Fla. Mar. 29, 2018). A frivolous claim is one that "has little or no chance of success" – for example, when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted), because the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, *res judicata*, collateral estoppel, or absolute immunity." *Tucker*, 2017 WL 8681936, at *1 (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

Further, in determining whether a complaint is frivolous and malicious, "a litigant's history of bringing unmeritorious litigation can be considered." *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001). A complaint may be dismissed as frivolous and malicious under § 1915(e)(2)(B)(i) when the complaint is meritless abuse of judicial process. *Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (affirming dismissal of litigation as malicious where the plaintiff was justifiably found to be a

vexatious litigant and the complaint an abuse of process because the plaintiff filed his complaint simultaneously in multiple districts across the country).

Before dismissal of the complaint pursuant to § 1915(e), "[a] plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice." *Id.* at 477 (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). However, if the complaint is frivolous or the amended complaint would otherwise be subject to dismissal, an opportunity to amend is not required. *Id.*; *see also Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a plaintiff's claims *sua sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous." (citing *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing in turn § 1915(e)(2)(B)(i)))); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a *pro se* litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile." (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes v. Lott*, 350 F.3d 1157, 1160

(11th Cir. 2003) ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. CIV.A. 2:10CV826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011), *report and recommendation adopted*, No. 2:10CV826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Iqbal*, 556 U.S. 662). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.    JURISDICTION

This court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Lietzke appears to allege claims of constitutional violations under 42 U.S.C. § 1983. Lietzke also asserts state law claims over which the court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## III.   DISCUSSION

A.     Lietzke's History of Filing Repetitive, Frivolous Litigation

"Plaintiff Bill Lietzke is well known to this court, having continually filed frivolous lawsuits against the City of Montgomery, Alabama and its police officers for more than a decade." *Lietzke v. City of Montgomery*, No. 2:17-CV-609-MHT-GMB, 2018 WL 4677837, at \*1 (M.D. Ala. Aug. 8, 2018), *report and recommendation adopted in part, rejected in part on other grounds*, No. 2:17-CV-609-MHT-GMB, 2018 WL 4030696 (M.D. Ala. Aug. 23, 2018), *judgment entered*, No. 2:17-CV-609-MHT-GMB, 2018 WL 4030697 (M.D. Ala. Aug. 23, 2018). To date, he has filed thirty-eight cases[3] in the Middle

---

[3] *See Lietzke v. County of Montgomery*, Case No. 2:21-cv-00209-MHT-JTA; *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:21-cv-00208-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:21-cv-00207-ECM-JTA; *Lietzke v. City of Birmingham*, Case No. 2:21-cv-00206-ECM-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01033-MHT-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01032-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01031-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01030-ECM-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01029-RAH-JTA; *Lietzke v. County of Montgomery*, Case No. 2:20-cv-01028-ECM-JTA; *Lietzke v. City of Birmingham*, Case No. 2:18-cv-00887-WKW-GMB; *Lietzke v. City of Montgomery*, Case No. 2:18-cv-00858-MHT-GMB; *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:18-cv-00488-MHT-GMB; *Lietzke v. City of Birmingham*, Case No. 2:18-cv-00469-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:18-cv-00395-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:18-cv-00027-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:18-cv-00012-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00812-MHT-GMB; *Lietzke v. County of Montgomery*, Case No. 2:17-cv-00714-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00713-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00712-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00711-MHT-GMB; *Lietzke v. County of Montgomery*, Case No. 2:17-cv-00674-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00628-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00626-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00614-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:17-cv-00609-MHT-GMB; *Lietzke v. City of Montgomery*, Case No. 2:16-cv-00950-WKW-TFM; *Lietzke v. City of Montgomery*, Case No. 2:16-cv-00949-WKW-TFM; *Lietzke v. City of Montgomery*, Case No. 2:13-cv-00849-MHT-CSC; *Lietzke v. County of Montgomery*, Case No. 2:07-cv-00943-WKW-TFM; *Lietzke v. City of*

District of Alabama; of those that have ended in a final judgment in this District, nearly all have been dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous or for failure to state a claim, though a small number were dismissed for failure to prosecute or comply with court orders. He usually seeks leave to file his cases *in forma pauperis*. "Lietzke has also filed many cases in other districts." *Id.*

Lietzke has a habit of filing cases here and around the country that arise out of the same acts or omissions and allege the same causes of action. For example, he has frequently filed complaints arising out of what appears to have been some instances of involuntary commitment for psychiatric treatment in August 1999 and again from December 2002 through early 2003.[4] He has frequently filed complaints alleging that on April 20, 2018, he

---

*Montgomery*, Case No. 2:07-cv-00932-WKW-WC; *Lietzke v. County of Montgomery, Alabama*, Case No. 2:07-cv-00814-MHT-WC; *Lietzke v. City of Montgomery*, Case No. 2:07-cv-00588-ID-WC; *Lietzke v. McKinney*, Case No. 2:07-cv-00383-WKW-TFM; *Lietzke v. Bright*, Case No. 2:07-cv-00324-WHA-WC; *Lietzke v. City of Montgomery*, Case No. 2:03-cv-00584-MEF-CSC; *Lietzke v. Winn Dixie, Inc.*, Case No. 2:97-cv-01752-WHA-CSC.

[4] *See, e.g., Lietzke v. County of Montgomery*, Case No. 2:21-cv-00209-MHT-JTA (originally filed in the United States District Court for the Western District of Texas); *Lietzke v. County of Montgomery*, Case No. 2:20-cv-01028-ECM-JTA (same); *Lietzke v. County of Montgomery*, Case No. 2:17-cv-00714-MHT-GMB (originally filed in the United States District Court of Maine); *Lietzke v. County of Montgomery*, Case No. 2:17-cv-00674-MHT-GMB (originally filed in the United States District Court for the Eastern District of Michigan); *Lietzke v. County of Montgomery*, Case No. 2:07-cv-00943-WKW-TFM (originally filed in the United States District Court for the Southern District of New York); *Lietzke v. McKinney*, Case No. 2:07-cv-00383-WKW-TFM; *Lietzke v. Bright*, Case No. 2:07-cv-00324-WHA-WC (originally filed in the United States District Court for the District of Maryland); *see also, e.g.*, *Lietzke v. County of Montgomery, et al.*, Case No. 3:13-cv-448-B-BK (N.D. Tex.); *Lietzke v. County of Montgomery*, No. 2:13-CV-01023-JCM, 2013 WL 6452318, at *1 (D. Nev. Dec. 9, 2013).

was unlawfully imprisoned, assaulted, and arrested at a Greyhound bus terminal in Birmingham, Alabama.[5] He has frequently filed complaints involving instances in which police officers stopped and questioned him on suspicion of walking in and out of traffic, flagging down cars, walking in traffic lanes, walking in the middle of the street, walking along the interstate, and committing other legal and safety infractions as a pedestrian. *See, e.g.*, *Lietzke v. City of Montgomery*, No. 16CV1296 WPL, 2016 WL 9818319, at *1

---

[5] *See, e.g.*, *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:21-cv-00208-WKW-JTA (originally filed in the United States District Court for the Western District of Texas); *Lietzke v. City of Birmingham*, Case No. 2:21-cv-00206-ECM-JTA (same); *Lietzke v. City of Birmingham*, Case No. 2:18-cv-00887-WKW-GMB (same); *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:18-cv-00488-MHT-GMB (originally filed in the United States District Court for the Middle District of Alabama); *Lietzke v. City of Birmingham*, Case No. 2:18-cv-00469-MHT-GMB (same); *see also Lietzke v. Greyhound Lines, Inc.*, Case No. 2:20-cv-01968-RDP (N.D. Ala.) (originally filed in the Western District of Texas; dismissed with prejudice "[b]ased on Plaintiff's serial filings in this court and courts around the country" (Doc. No. 8)); *Lietzke v. City of Birmingham, AL, et al.*, Case No. 2:20-cv-01967-MHH (N.D. Ala.) (originally filed in the Western District of Texas; dismissed without prejudice for failure to prosecute); *Lietzke v. City of Birmingham, AL, et al.*, Case No. 2:20-cv-01966-MHH (N.D. Ala.) (originally filed in the Western District of Texas; dismissed as duplicative of another pending lawsuit); *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:20-cv-01965-RKK (N.D. Ala.) (originally filed in the Western District of Texas; dismissed with prejudice as barred by the statute of limitations and for failure to state a claim on grounds that § 1983 does not provide a cause of action against nonstate actors); *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:18-cv-01853-KOB (N.D. Ala.) (originally filed in the Eastern District of California; dismissed with prejudice as duplicative of another pending lawsuit); *Lietzke v. City of Birmingham, et al.*, Case No. 2:18-cv-01729-MHH (N.D. Ala.) (originally filed in the Eastern District of California, then transferred to the Middle District of Alabama, Case No. 2:18-cv-00887, then transferred to the Northern District of Alabama; dismissed without prejudice for failure to prosecute); *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:18-cv-01650-VEH (N.D. Ala.) (originally filed in the Eastern District of California; dismissed without prejudice for failure to prosecute and pursuant to § 1915(e) for lack of jurisdiction and failure to state a claim upon which relief could be granted); *Lietzke v. City of Birmingham*, Case No. 2:18-cv-00796-RDP (N.D. Ala.) (originally filed in the Eastern District of Michigan; dismissed without prejudice for failure to prosecute).

(D.N.M. Nov. 29, 2016). Serially filed cases involving Lietzke's brief interactions with police over pedestrian infractions most recently include three cases in which Lietzke asserts claims against police for stopping him on July 6, 2020, to question him regarding complaints that he was flagging down cars, then declining to arrest him and simply ordering him to stay out of the street and not flag down cars.[6] Another case Lietzke has commonly filed is one in which he alleges that, on January 30, 2018, the Montgomery police violated his constitutional rights and libeled and slandered him by stopping him to question him about reports from members of the First Baptist Church of Montgomery that he was following a woman on the church's property.[7] Lietzke has also filed repetitive complaints arising out of other incidents, but those listed here cover those that are currently pending and assigned to the undersigned.

Other complaints Lietzke has filed are practically identical to one another in their legal theories asserting constitutional and state law claims against police for brief interactions with him that fell short of arrest, but they allege that Lietzke was stopped and questioned by police on different occasions. For example, Lietzke currently has pending a

---

[6] *Lietzke v. City of Montgomery*, Case No. 2:21-cv-00207-ECM-JTA (originally filed in the United States District Court for the Western District of Texas); *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01033-MHT-JTA (same); *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01030-ECM-JTA (same).

[7] *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01032-WKW-JTA (originally filed in the Western District of Texas); *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01029-RAH-JTA (same); *Lietzke v. City of Montgomery*, Case No. 2:18-cv-00395-MHT-GMB (originally filed in the Eastern District of Michigan).

case in which he alleges that, on September 30, 2020, police stopped him at his front door to ask questions about an alarm system that had been going off and to ask him what he was doing on the premises.[8]

B.     Dismissal of Lietzke's Claims Pursuant to 28 U.S.C. § 1915(e)(2)

    1.     Lietzke's § 1983 Claims Are Subject to Dismissal Because They are Time-Barred

This case is a recurring[9] one concerning events that occurred at about 5:30 p.m. on April 20, 2018, at the Greyhound Lines bus terminal in Birmingham, Alabama. Lietzke alleges that, on that date, Defendants violated his constitutional rights by unlawfully arresting him at the bus terminal and confining him in the Birmingham City Jail.  In this case and some past cases against these Defendants arising out of the same incident, Lietzke

---

[8] *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01031-WKW-JTA (originally filed in the Western District of Texas).

[9] *See*, *e.g.*, *Lietzke v. City of Birmingham*, Case No. 2:18-cv-00887-WKW-GMB (dismissed without prejudice); *Lietzke v. City of Birmingham*, Case No. 2:18-cv-00469-MHT-GMB (dismissed without prejudice); *see also*, *e.g.*, *Lietzke v. City of Birmingham, AL, et al.*, Case No. 2:20-cv-01967-MHH (N.D. Ala.) (dismissed without prejudice for failure to prosecute); *Lietzke v. City of Birmingham, AL, et al.*, Case No. 2:20-cv-01966-MHH (N.D. Ala.) (dismissed as duplicative of another pending lawsuit); *Lietzke v. City of Birmingham, et al.*, Case No. 2:18-cv-01729-MHH (N.D. Ala.) (dismissed without prejudice for failure to prosecute); *Lietzke v. City of Birmingham*, Case No. 2:18-cv-00796-RDP (N.D. Ala.) (dismissed without prejudice for failure to prosecute). The court has not conducted a comprehensive review of all districts and state courts around the country to find every iteration of the Complaint filed in this case.

Numerous times in the past, and in a currently-pending case (*Lietzke v. Greyhound Lines*, Case Number 2:21-cv-208), Lietzke has also filed complaints against the Greyhound Lines for alleged unconstitutional and tortious acts during the same April 20, 2018 incident at the Birmingham Greyhound Lines bus terminal. Past cases against Greyhound Lines are not listed in this footnote. Today, the undersigned is entering a Recommendation in *Lietzke v. Greyhound Lines*, Case No. 2:21-cv-00206-ECM-JTA.

seeks relief in the form of an apocalyptic judgment concerning a pale horse, the Book of Life, and a Lake of Fire.

Lietzke does not allege facts that would suggest that any statute of limitations has been tolled long enough to save his § 1983 claims. Even the most generous construction of the Complaint does not lend itself to the inference that Lietzke is asserting a federal cause of action that could possibly still be within the statute of limitations. The acts and omissions giving rise to Lietzke's claims occurred on April 20, 2018, and this lawsuit was filed on March 2, 2021, over three years later. "Constitutional claims under § 1983 are tort actions subject to the statute of limitations for personal injury actions in the state where the action is filed, which in Alabama is two years." *Stokes v. Danzey*, No. 1:21-CV-467-WHA-KFP, 2021 WL 5501110, at *2 (M.D. Ala. Nov. 1, 2021) (citing *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008), *report and recommendation adopted*, No. 1:21-CV-467-WHA-KFP, 2021 WL 5500499 (M.D. Ala. Nov. 23, 2021)).

Therefore, the statute of limitations has run on Lietzke's § 1983 claims, and those claims are due to be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b)(i)-(ii) as frivolous and for failure to state a claim upon which relief can be granted. *Tucker*, 2017 WL 8681936, at *1 (observing that claims may be dismissed as frivolous where the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations" (citations omitted)).

Further, the court recommends that Lietzke not be allowed an opportunity to amend his § 1983 claim prior to dismissal. The claim is frivolous, no amendment could turn back time and save him from the running of the limitations period, and his serially filing this case without addressing the pleading deficiencies that have been previously pointed out to him leads to the conclusion that any opportunity to amend would be an unwarranted, utterly futile waste of judicial resources. *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (holding that, "[w]hile a *pro se* litigant generally must be given at least one opportunity to amend his complaint," before dismissal for failure to state a claim upon which relief can be granted, "a district judge need not allow an amendment where amendment would be futile"); *see also Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a plaintiff's claims *sua sponte*— without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous." (citing *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing in turn § 1915(e)(2)(B)(i)))). Despite this Recommendation, if Lietzke wishes to address the deficiencies in his Complaint, he is not without recourse. Lietzke "will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of his [C]omplaint prior to any dismissal of the [C]omplaint." *Larkins v. Montgomery Cnty. Cir. Ct.*, No. 2:19-CV-281-MHT-WC, 2020 WL 2744116, at *6 n.3 (M.D. Ala. Apr. 21, 2020), *report and recommendation adopted*, No. 2:19CV281-MHT, 2020 WL 2739821 (M.D. Ala. May 26, 2020).

13

Accordingly, the court recommends that Lietzke's § 1983 claims be dismissed without an opportunity to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) as frivolous and for failure to state a claim upon which relief can be granted.

       2.      Alternatively, § 1915(e)(2)(B) Dismissal is Warranted Because This Court Cannot Grant Lietzke's Requested Relief

Despite Lietzke's unexplained contention that "the amount in controversy exceeds, exclusive of interest and costs, $1,000,000,000" (Doc. No. 1 at ¶ 6), which, presumably, is his estimated valuation of Defendants' immortal souls, Lietzke's demand for relief, in full, is as follows:

> Wherefore Plaintiff will receive this Judgment, Wherefore Plaintiff orders this Judgment, Wherefore Plaintiff demands this Judgment, WHEREFORE THIS IS YOUR JUDGMENT:
>
> 1.     And I looked and beheld a pale horse, YOU, and the name of them that sat upon it was Death, YOU, and Hell followed, YOU, and it set out to conquer a fourth part of the Earth, to kill with the sword, and with hunger, and with the beasts of the Earth, and with Death, YOU.
>
> 2.     And I saw the Great White Throne [of] Judgment, and Him that sat upon it from whose face the Earth and Heaven fled away, and there was found no place for them, YOU, and I saw the dead, YOU, both great and small, and the books were opened, YOU, and another book was opened which is the Book of Life, and the dead, YOU, and the dead, YOU[,] were judged out of those things which were written in the books according to their works.
>
> 3.     And Death and Hell, YOU, were cast into the Lake of Fire, YOU. This is the Second Death, YOU. And whosoever, YOU, was not found written in the Book of Life was cast into the Lake of Fire, YOU.

(Doc. No. 1 at 2-3.)

As is plain from the demand for relief, Lietzke does not seek monetary, injunctive, or declaratory relief, though he is capable of requesting monetary and equitable relief (as

he has on many previous occasions).[10] The leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails*, No. CIV.A. 2:10CV826, 2011 WL 310254, at *1 (citations omitted). Accordingly, and in light of what appears to be Lietzke's deliberate omission of a request for such relief here, the court is not inclined to construe Lietzke's Complaint as containing a request for relief for monetary, declaratory, or injunctive relief.

The Complaint expressly and exclusively demands relief beyond the powers of this court to grant – namely, an order requiring that God initiate the apocalypse and impose divine retribution on Defendants from the Great White Throne of Judgment by casting them into the infernal Lake of Fire after judging them based on what is written about them in the Book of Life. Such relief is within the exclusive discretion of the divine whether to impose. *See Driskell v. Homosexuals*, 533 B.R. 281, 282 (D. Neb. 2015) (noting that federal courts have jurisdiction to "decide what is lawful, not what is sinful"). It is doubtful that God is subject to this court's personal jurisdiction, much less to an order of mandamus, and the United States District Court for the Middle District of Alabama is not so presumptuous as to usurp The Great White Throne of Judgment, any rumors to the contrary notwithstanding. *See United States ex rel. Mayo v. Satan & His Staff*, 54 F.R.D. 282, 283

---

[10] *See*, *e.g.*, *Lietzke v. City of Birmingham, et al.*, Case No. 2:18-cv-01729-MHH (N.D. Ala) (Doc. No. 1 at ¶ 10) (demanding "Actual, Punitive, and Compensatory Damages against all Defendants for $2,000,000,000.00" (sic)).

(W.D. Pa. 1971) (denying a motion to proceed *in forma pauperis* after questioning the existence of personal jurisdiction over Defendants Satan and His Staff, and further noting the practical difficulties inherent in perfecting service on the defendants). *But see* Kevin Underhill, *God Responds to Nebraskan's Lawsuit*, LOWERING THE BAR (September 22, 2007), https://www.loweringthebar.net/2007/09/god-responds-to.html.

Additionally, in civil actions, relief is ordinarily limited to compensatory and injunctive measures, and, except in narrow circumstances in cases of civil contempt, punitive relief generally takes the form of a monetary judgment rather than confinement. Even in cases of civil contempt, extended confinement beyond eighteen months (such as eternal confinement to a flaming body of water) is strictly prohibited. 28 U.S.C. § 1826(a).

Moreover, casting Defendants in the eternal Lake of Fire as a punitive measure would probably run afoul of the Eighth Amendment's prohibition on cruel and unusual punishment; its cruelty is undeniable in both its extreme torment and its interminability, and its unusual nature is borne out by the court's inability to find even a single instance of it being imposed previously by a court in this country, not even in the days of the Founders.

Further, impracticality may preclude issuance of an order – even a divine one – casting a municipal entity such as Defendant City of Birmingham into the Lake of Fire in the manner Lietzke requests. Defendant City of Birmingham is a municipal corporation, not a human having a soul or a physical body capable of being cast into fiery lakes. *See Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 706 (2014) (acknowledging that

treating corporate entities as persons for certain legal purposes is merely "a familiar legal fiction").

Finally, the Book of Life is not included in the court's law library or available through online legal research resources, and the court is unable to obtain the original or a certified copy of it at this time. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (providing that, though a court may take judicial notice of the fact of the existence the records from another tribunal, the court generally may not rely on judicial notice of those records to establish the truth of the matters asserted therein); *Bury v. Marietta Dodge*, 692 F.2d 1335, 1337 (11th Cir. 1982) ("The Federal Rules of Evidence require that evidence presented to the court be authenticated."); *see also* Fed. R. Evid. 902(a)(4) (providing that a copy of an official record is self-authenticating if properly "certified as correct").

If ever the Book of Life will be opened, its contents revealed, and sinners dispatched accordingly by swift, merciless judgment from God's angry hands into the Lake of Fire, it will be done on the ineffable schedule of the divine, not at the instigation of this court. Accordingly, Lietzke's § 1983 claims are alternatively due to be dismissed as frivolous and for failure to state a claim upon which relief could be granted because he requests relief that this court has no power or ability to grant. *See Carroll*, 984 F.2d at 393 (noting that a frivolous claim is one that "has little or no chance of success" – for example, when it appears from the face of the complaint that the factual allegations are "clearly baseless" or

that the legal theories are "indisputably meritless" (internal quotations omitted)); *Tucker*, 2017 WL 8681936, at *1 ("A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, *Neitzke*, *supra*, 490 U.S. at 327, the claim seeks to enforce a right which clearly does not exist, … or there is an affirmative defense which would defeat the claim." (citing *Neitzke*, 490 U.S. at 327 and *Clark*, 915 F.2d at 639)).

Again, the court recommends such dismissal without an opportunity to amend, as the Complaint is also due to be dismissed as barred by the statute of limitations, a defect that cannot be cured by an amendment. Even if it were not so barred, the current Complaint is at least[11] the seventh iteration of the same lawsuit, all of which have been dismissed prior to service of process after explanations of the relevant pleading deficiencies; thus, there is no reason to believe providing Lietzke an opportunity to refile the complaint an eighth time would be anything more than an exercise in futility. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment … where amendment would be futile.").

---

[11] This count includes cases litigated in this District and the Northern District. The court is aware of instances when Lietzke filed this same case in other jurisdictions that did not transfer the case to this District or the Northern District, but the court will not expend judicial resources finding and counting them all. *See, e.g., Lietzke v. City of Birmingham, et al.*, No. 4:19CV3093, 2019 WL 5391455 (D. Neb. Oct. 22, 2019) (dismissing as filed in an improper venue and listing other jurisdictions that dismissed cases arising out of the same incidents without transferring them, including the District of Alaska, the Northern District of California, the District of Oregon, and the District of Montana, the last of which summarily dismissed the complaint after declaring Lietzke a vexatious litigant).

C.      Transfer of Lietzke's Remaining Claims to the Northern District of Alabama

Alabama has a six-year statute of limitations for false imprisonment, Ala. Code 1975 § 6-2-34(1), so any state law claim for false imprisonment is still within the statute of limitations. The court does not have diversity jurisdiction over that claim because Lietzke and both Defendants are citizens of Alabama. *See* 28 U.S.C. 1332(a) (limiting diversity jurisdiction to actions that meet certain requirements, none of which allow diversity jurisdiction over cases between citizens of the same state); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

Pursuant to 28 U.S.C. § 1367(c)(3), the court may decline to exercise supplemental jurisdiction over state law claims when the district court has dismissed all claims over which it has original jurisdiction. Rather than decline to exercise supplemental jurisdiction at this time, however, the undersigned recommends that the court defer a decision on exercising supplemental jurisdiction and instead transfer the remaining state law claim to the Northern District of Alabama, Southern Division, where United States District Judge William Keith Watkins already transferred this case once before after it was erroneously transferred here from another District,[12] where Lietzke has litigated this case on many previous occasions, and where he is likely to litigate it again anyway. At least with a

---

[12] *See Lietzke v. City of Birmingham*, Case No. 2:18-cv-00887-WKW-GMB (Doc. No. 5).

transfer of this case, the interest of justice will be served by efficiently notifying the Northern District of Alabama that Lietzke's § 1983 claims have already been dismissed with prejudice,[13] and that this District has declared him a vexatious litigant.

Defendants appear to be Birmingham, Alabama, residents, and, at any rate, do not reside in the Middle District. Lietzke's claims arise out of events that occurred exclusively in Birmingham. Birmingham is not located in the Middle District of Alabama. Birmingham is located in the Northern District of Alabama, Southern Division.

28 U.S.C. § 1391(b) provides that

A civil action may be brought in-- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...; or (3) if there is no

---

[13] As explained in Section III.D. of this Recommendation and Order, Lietzke has a history of refiling this case and of serially filing other dismissed cases regardless of whether his claims have previously been dismissed with prejudice. Also, as noted in this Section, whenever he refiles this case in any District in the country other than the Northern District, the case is usually transferred to the Northern District. He has also serially filed this case directly in the Northern District. This history indicates almost to a certainty that, if this court merely declines to exercise supplemental jurisdiction over Lietzke's state law claims and dismisses the case entirely, Lietzke will refile the exact same Complaint (including his § 1983 claims) yet again either in the Northern District or in another court that is likely to transfer it back to the Northern District. It is the hope of the undersigned that, by the case being transferred this time after dismissal of the § 1983 claims with prejudice, the Northern District will be saved from either having to re-analyze the § 1983 claims on the merits when Lietzke eventually refiles the case, or of unnecessarily expending judicial resources searching the massive haystack of cases Lietzke has filed all around the country just to find this court's order dismissing Lietzke's § 1983 claims with prejudice. To the undersigned's knowledge, if this Recommendation is adopted, this present case would be the first and so far the only time the § 1983 claims in this case have been dismissed *with* prejudice, thus implicating *res judicata*, which would justify § 1915(e)(2)(B) dismissal in future cases. *Tucker*, 2017 WL 8681936, at *1.

district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Thus, pursuant § 1391(b), venue is not proper in the Middle District of Alabama, but is proper in the Northern District of Alabama, Southern Division. *See Lietzke v. City of Birmingham*, Case No. 2:18-cv-00887-WKW-GMB October 19, 2018 Order (Doc. No. 5 at 2) (transferring an essentially identical case after finding that "a substantial part of the events giving rise to Plaintiff's claim arose in Birmingham, which is in the Northern District of Alabama, and it does not appear that any defendant resides in the Middle District of Alabama. Therefore, Plaintiff's action should have been filed in the United States District Court for the Northern District of Alabama").

Accordingly, transfer of venue is proper pursuant to 28 U.S.C. § 1406(a), which provides as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Transfer would serve the interests of justice. Both Defendants are in the Northern District of Alabama, Southern Division. The Birmingham City Jail is in Birmingham, as are the police force that allegedly arrested Lietzke and the Greyhound bus terminal where he allegedly was arrested. Lietzke's habit of filing this case repetitively, and the frequency with which this case is transferred to the Northern District of Alabama from wherever he

21

files it, and the fact that the statute of limitations has not yet run on his state law false imprisonment claim indicates that, most likely, this same Complaint will end up there again eventually.

As previously noted, Lietzke has a habit of failing to inform courts that his claims have previously been dismissed on the merits by other courts. For example, he serially filed a related case against Greyhound Lines, Inc., arising out of the same April 20, 2018 incident at the Greyhound bus terminal in Birmingham. Three times,[14] the United States District Court for the Northern District of Alabama dismissed Lietzke's complaint against Greyhound Lines with prejudice. *Lietzke v. Greyhound Lines*, *Inc*., Case No. 2:20-cv-01968-RDP (N.D. Ala.) (dismissed with prejudice "[b]ased on Plaintiff's serial filings in this court and courts around the country" (Doc. No. 8)); *Lietzke v. Greyhound Lines*, *Inc*., Case No. 2:20-cv-01965-RKK (N.D. Ala.) (dismissed with prejudice as barred by the statute of limitations and for failure to state a claim on grounds that § 1983 does not provide a cause of action against nonstate actors); *Lietzke v. Greyhound Lines*, *Inc*., Case No. 2:18-cv-01853-KOB (N.D. Ala.) (dismissed with prejudice as duplicative of another pending lawsuit). After expending judicial resources locating those cases and discovering the

---

[14] The United States District Court for the Northern District of Alabama also once dismissed the case against Greyhound Lines without prejudice. *Lietzke v. Greyhound Lines*, *Inc*., Case No. 2:18-cv-01659-VEH (N.D. Ala.).

previous dismissals on the merits,[15] this court is today recommending that yet another iteration of that case, *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:21-cv-00208-WKW-JTA, which Lietzke originally filed in the Northern District of Texas, be dismissed with prejudice on grounds of *res judicata*. Unlike the case against Greyhound Lines, however, to the undersigned's knowledge, the claims in this current case against Defendants City of Birmingham and Smith have never before been dismissed *with* prejudice. Unless this case is transferred, the next time this serially-filed case is before the Northern District, that court will be unaware that Lietzke's § 1983 claims were previously dismissed with prejudice, unless the court expends judicial resources searching through all of Lietzke's previously-filed cases from around the country to find it. Transfer of the remaining claims in this present case will serve the interests of justice by preventing the Northern District from a similar unnecessary expenditure of judicial resources by automatically providing the Northern District with notice of the prior disposition of Lietzke's § 1983 claims against these defendants.

Alternatively, for the convenience of the parties and witnesses, in the interest of justice, transfer is appropriate under 28 U.S.C. § 1404(a); which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

---

[15] Lietzke did not inform this court of the previous dismissals with prejudice.

Convenience to the parties and the witnesses, as well as the interest of justice, support transfer under § 1404(a). Other than Lietzke, [16] the parties are located in Birmingham, as are most witnesses, and there is no reason to conclude that witnesses other than Lietzke will be found in the Middle District of Alabama. *Sua sponte* transfers to a more convenient district pursuant to § 1404(a) require notice and an opportunity to respond. *Williamson v. Williamson*, No. 2:17-CV-289-SRW, 2018 WL 3014441, at *1 (M.D. Ala. Feb. 26, 2018). Lietzke will have notice and an opportunity to respond. Though the Middle District of Alabama is not Lietzke's chosen forum (he filed this case in the United States District Court for the Western District of Texas, from whence it was transferred here), this Recommendation provides notice, and he will have an opportunity to object to this Recommendation if he feels a transfer is unwarranted.

Accordingly, pursuant to § 1406(a), and alternatively pursuant to § 1404(a), the undersigned recommends transfer to the United States District Court for the Northern District of Alabama, Southern Division, where, in all likelihood, Lietzke will soon litigate this case again anyway. *See Lietzke v. City of Birmingham*, Case No. 2:18-cv-00887-WKW-GMB October 19, 2018 Order (Doc. No. 5) (finding that an identical case "should

---

[16] As Lietzke is a Montgomery, Alabama, resident, the neighboring Northern District of Alabama surely would not be less convenient for him than the forum in which he originally chose to file this case, the Western District of Texas.

have been filed in the United States District Court for the Northern District of Alabama,"

that the Middle District of Alabama was "the wrong district," and transferring the case to

"the correct district," the Northern District, pursuant to § 1406(a)); *Leach v. Peacock*, No.

2:09CV738-MHT, 2011 WL 1130596, at *3 (M.D. Ala. Mar. 25, 2011) ("'A court may

*sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal

transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice.'"

(quoting *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006)); *see also Lietzke v.*

*City of Birmingham, AL, et al*., Case No. 2:20-cv-01967-MHH, December 9, 2020 Transfer

Order (Doc. No. 5) (Order by United States Magistrate Judge Jeffrey C. Manske

transferring two complaints substantially identical to the one in this action, as well two

cases against Greyhound Lines for conduct related to the same April 20, 2018 incident in

Birmingham, Alabama, from the United States District Court for the Western District of

Texas to the United States District Court for the Northern District of Alabama, while

transferring six other cases to this District, and further noting that "Bill Lietzke is perhaps

one of the most notorious vexatious litigants to ever appear before this [Western District

of Texas] Court"); *Lietzke v. City of Birmingham, AL, et al*., Case No. 2:18-cv-0796-RDP,

May 22, 2018 Order Transferring Case to the United States District Court for the Northern

District of Alabama (Doc. No. 4) (Order by United States District Judge Gershwin A. Drain

transferring a substantially identical case against Defendant City of Birmingham from the

United States District Court for the Eastern District of Michigan to the United States District Court for the Northern District of Alabama). *Cf. Lietzke v. Greyhound Lines*, *Inc.*, Case No. 2:18-cv-01853-KOB, November 8, 2018 Order (Doc. No. 3) (Order by United States Magistrate Judge Kendall J. Newman transferring a case against Greyhound Lines for conduct related to the same April 20, 2018 incident in Birmingham from the United States District Court for the Western District of Texas to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to § 1406(a), or, alternatively, § 1404(a), noting that the case appeared to be "an improper attempt to refile [a] prior action in this district," and cautioning Lietzke "that if he again attempts to refile the same action in this district, monetary sanctions will be imposed"); *Lietzke v. Greyhound Lines*, *Inc.*, Case No. 2:18-cv-01650-VEH, November 8, 2018 Order (Doc. No. 3) (Order by United States Magistrate Judge Carolyn K. Delaney transferring a case against Greyhound Lines for conduct related to the same April 20, 2018 incident in Birmingham from the United States District Court for the Eastern District of California to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to § 1406(a), or, alternatively, § 1404(a)).

D.     Consequences for Repetitive Frivolous Filings

        In the March 9, 2021 Order transferring this case to this District from the Western District of Texas, United States District Judge Lee Yeakel noted Lietzke's history as "a

vexatious litigant and frequent filer of frivolous litigation in federal courts across the United States." (Doc. No. 5 at 1 (citing example cases filed in the Middle District of Alabama, the District of Maine, the District of South Dakota, the District of Nevada, and the District of Idaho).)

In this District in particular, Lietzke's long history of filing frivolous litigation is well known. In 2007, while addressing the second of what would become many iterations of Lietzke's complaints arising out of his involuntary commitments in 1999 and from 2002-03, the court stated:

> The undersigned [United States Magistrate Judge Wallace Capel, Jr.] … observes that Lietzke repeatedly files meritless Complaints in this Court…. While the Court recognizes that Lietzke is a *pro se* litigant, the Court is concerned that Lietzke's repeated filings constitute an abuse of process, which could warrant sanctions.

*Lietzke v. County of Montgomery, et al.*, Case No. 2:07-cv-00814-WKW-WC, October 10, 2007 Report and Recommendation of the Magistrate Judge (Doc. No. 5 at 5 n.3), *report and recommendation adopted*, November 9, 2007 Order (Doc. No. 6).

In February 2008, the third time this court dealt with a complaint alleging claims arising out of Lietzke's involuntary commitments in 1999 and 2002, then-United States Magistrate Judge Terry F. Moorer[17] reiterated Judge Capel's concerns about abuse of process and further stated:

> Apparently undeterred by the notice [Judge Capel] provided regarding the limited jurisdiction of federal courts, the glaring deficiencies of his lawsuit,

---

[17] In 2008, Judge Moorer was a United States Magistrate Judge in this District. He is now a United States District Judge in the United States District Court for the Southern District of Alabama.

and penalties for abusing the privilege of proceeding without paying filing fees and costs, Lietzke filed this and one other action in October of 2007.[18]

Lietzke is advised, as this court has consistently reminded similarly situated *pro se* litigants, the privilege of filing a federal court lawsuit without prepayment of filing fees properly acknowledges a "right of access to courts" which is constitutionally secured for all American citizens. The privilege is subject, however, to valid and reasonable limitations designed not only to conserve limited judicial resources, but also to prevent abuse by unlearned laymen who may be tempted to seize the privilege as a license for limitless or misguided forays into federal court with bootless claims and grievances unresolved in other forums or for which there simply is no remedy. Frivolous or malicious lawsuits against any defendants – corporate, public, institutional, or individual – automatically result in inconveniences, burdens, and costs, associated with defense even to the extent of securing dismissal from the action.

This court also deems it appropriate now to advise Lietzke that *pro se* litigants are also bound to honor Rule 11 of the Federal Rules of Civil Procedure, which provides in pertinent part at Rule 11(b):[19]

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

---

[18] *See Lietzke v. City of Montgomery, et al*., Civil Action No. 2:07-cv-932-WKW, a case in which Lietzke claimed that police violated his constitutional rights on several occasions from 2005 through 2007 when they allegedly arrested him, briefly stopped him, spoke harshly to him, or merely asked him questions from the window of a patrol car, including occasions in which he was reported to have been flagging down cars, walking and running in the middle of the street, and trying to stop cars.

[19] Since 2008, Rule 11 has been amended, but Lietzke is advised that Rule 11 remains the same in substance and he is bound to abide by it.

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting "an inquiry reasonable under the circumstances" in order to inform his "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(2) provides:

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

*Lietzke v. County of Montgomery, et al.*, Case No. 2:07-cv-00943-WKW-TFM, February 15, 2008 Report and Recommendation of the Magistrate Judge (Doc. No. 7 at 11-13), *report and recommendation adopted in part, rejected in part on other grounds*, March 3, 2008 Order (Doc. No. 8).

In May 2008, United States District Judge William Keith Watkins noted Lietzke's status as "a frequent filer" in this District and "around the country" and dismissed certain of Lietzke's claims with prejudice "[b]ecause Lietzke continues to file these claims in courts around the country despite the determination that they are frivolous." *Lietzke v. City*

29

*of Montgomery, et al.*, Case No. 2:07-cv-00932-WKW-WC, May 16, 2008 Order (Doc.
No. 6 at 6-8, 16).

In 2013, faced with a complaint of Lietzke's asserting substantially the same claims
as before arising out of involuntary commitments in 1999 and 2002, Judge Renee Harris
Toliver, a United States Magistrate Judge in the Northern District of Texas, recommended
denial of Lietzke's motion to proceed *in forma pauperis*, summary dismissal, and
imposition of sanctions, stating:

> Plaintiff, an Alabama resident, filed a *pro se* civil rights complaint against
> Montgomery County, Alabama, and Alabama residents Reese McKinney, D.
> T. Marshall, and an unidentified Sheriff Officer, along with a motion to
> proceed *in forma pauperis*. For the reasons that follow, it is recommended
> that this action be summarily dismissed.

> ## I. BACKGROUND

> Plaintiff asserts that in 1999 and 2002, Defendants seized him from his home
> and involuntarily confined him in a psychiatrist hospital following various
> hearings in probate court. (Doc. 3 at 2-7). He seeks monetary damages for
> false imprisonment, malicious prosecution, harassment, and kidnapping –
> claims that Plaintiff has unsuccessfully litigated in at least three other actions.
> *See Lietzke v. County of Montgomery*, No. 2:07-CV-943 (M.D. Alabama
> Mar. 3, 2008) (accepting recommendation and dismissing case as frivolous
> because it was barred by *res judicata*, statute of limitations, and absolute
> immunity). *See also Lietzke v. County of Montgomery, et al.*, No. 1:12-CV-
> 00145, 2012 WL 5449623 (D. Idaho May 29, 2012), *accepting
> recommendation*, 2012 WL 5449617 (D. Idaho Nov. 5, 2012) (dismissing as
> frivolous because jurisdiction and venue were lacking); *Lietzke v. County of
> Montgomery, et al.*, No. 2:12-CV- 00268, 2013 WL 1033037 (D. Utah Feb.
> 21, 2013), *accepting recommendation*, 2013 WL 1031725 (D. Utah Mar. 14,
> 2013) (same).

> Over the past ten years, Plaintiff has filed more than twenty cases in federal
> courts nationwide against these and other Alabama residents complaining of
> related civil rights violations. *See* Public Access to Courts Electronic Records
> (PACER) for a full listing of Plaintiff's cases. A random sampling indicates

that the vast majority of these lawsuits were dismissed as frivolous and/or for failure to state a claim. At least one court has restricted Plaintiff from filing new lawsuits. *See Lietzke v. City of Montgomery, et al*., No. 3:06-CV-1804 (D. Or. Mar. 19, 2007) (imposing pre-filing requirement which requires that all pleadings be "reviewed by this Court and ordered filed only if such filings are deemed not frivolous or repetitive.")

## II. ANALYSIS

Federal courts have the authority to levy sanctions against *pro se* litigants and attorneys who violate Rule 11(b), of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(b) and (c)(1); *Whitehead v. Food Max of Miss., Inc*., 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Here, Plaintiff's allegations duplicate the claims that he has pursued unsuccessfully in the Middle District of Alabama and in the Districts of Idaho and Utah. Thus, his complaint is frivolous. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (a complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff"). In light of the duplicative nature of the complaint and Plaintiff's lengthy and notorious history of filing repetitive, frivolous lawsuits, his request to proceed *in forma pauperis* should be denied and sanctions should be imposed. *See* FED. R. CIV. P. 11(b)(2) and (c)(1); *Canzoneri v. McCormick*, No. 3:12-CV-1241-G-BK, 2012 WL 1864309 (N.D. Tex. Apr. 26, 2012), *recommendation accepted*, 2012 WL 1864282 (N.D. Tex. May 22, 2012) (denying *in forma pauperis* motion and imposing sanctions because of plaintiff's history of filing frivolous, repetitive lawsuits).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be DENIED, and that Plaintiff be BARRED from filing future *in forma pauperis* actions in this Court without first seeking leave to file. It is further recommended that Plaintiff be WARNED that the continued submission of frivolous actions and documents may result in the imposition of additional sanctions, including monetary penalties.

*Lietzke v. County of Montgomery, et al.*, Case No. 2:13-cv-04468-B-BK (N.D. Tex.), November 12, 2013 Report and Recommendation of the Magistrate Judge (Doc. No. 6 at 1-4 (footnote omitted)), *report and recommendation adopted*, March 3, 2008 Order (Doc. No. 8) (adopting the recommendation and ordering that "Plaintiff is **BARRED** from filing future *in forma pauperis* actions in this Court without first seeking leave to file. In addition, Plaintiff is **WARNED** that the continued submission of frivolous actions and documents may result in the imposition of additional sanctions, including monetary penalties.").

In August 2018, United States Magistrate Judge Gray M. Borden observed in a Report and Recommendation entered in fifteen different cases Lietzke had filed, nearly all of which were or would eventually become redundant filings:

> Put simply, Lietzke's *modus operandi* is to engage in a pattern of filing frivolous lawsuits both in this and other federal district courts throughout the country in flagrant violation of appropriate judicial process and procedure. Most recently, a district court in Nevada observed that Lietzke had filed eight cases in that district with identical allegations against Alabama defendants, noting that "[d]espite repeated warnings against filing frivolous lawsuits, [Lietzke] continues to abuse the judicial process." *Lietzke v. City of Montgomery*, 2018 WL 702889, at *1 (D. Nev. Feb. 2, 2018). That court thus declared Lietzke a vexatious litigant pursuant to 28 U.S.C. § 1651, enjoining him from filing any new lawsuits in that district without first obtaining leave from the court's Chief Judge. *See id*. Lietzke's 15 pending complaints stating nearly identical factual allegations reflect his scattershot approach to seeking relief in federal court based on claims that are not remotely actionable. This court ought not entertain his continued abuse of the judicial process and recommends the dismissal of all of his pending federal claims.

*Lietzke v. Greyhound Lines, Inc*., Case No. 2:18-cv-00488-MHT-GMB, August 8, 2018 Report and Recommendation of the Magistrate Judge (Doc. No. 4 at 20-21 (footnote

omitted)), *report and recommendation adopted in part, rejected in part on other ground*s, August 23, 2018 Order (Doc. No. 7).

On May 19, 2019, after detailing Lietzke's history in the District of Montana of repeated serial filings made without any effort to correct deficiencies noted in previous dismissals, Chief United States District Judge Dana L. Christensen of the District of Montana wrote: "Enough is enough. Lietzke's filings in this Court demonstrate, at best, indifference to the law. He is not acting in good faith." *Lietzke v. City of Birmingham, et al.*, Case No. 9:19-cv-61-M-DLC (D. Mont.), April 19, 2019 Order (Doc. No. 3 at 3). After ordering Lietzke to show cause why he should not be declared a vexatious litigant subject to a prefiling review process, Judge Christensen declared him a vexatious litigant, summarily dismissed five frivolous complaints Lietzke had filed, and imposed preconditions on Lietzke's ability to file cases in the District of Montana. *Lietzke v. City of Birmingham, et al.*, Case No. 9:19-cv-61-M-DLC (D. Mont.), May 10, 2019 Order (Doc. No. 5).

In 2020, United States District Judge R. David Proctor dismissed another repeat complaint against Greyhound Lines not only as barred by *res judicata*, but as frivolous and malicious "[b]ased on Plaintiff's serial filings in this court and courts around the country." *Lietzke v. Greyhound Lines, Inc*., Case No. 2:20-cv-01968-RDP (N.D. Ala.) (Doc. No. 8).

In December 2020, in a case Lietzke filed against Greyhound Lines arising out of the April 20, 2018 incident at the Birmingham, Alabama, Greyhound bus terminal, United States District Judge Abdul K. Kallon observed:

33

Lietzke is apparently a prolific litigant. As Judge Manske of the Western District of Texas pointed out when he transferred this case to this court: "Bill Lietzke is perhaps one of the most notorious vexatious litigants to ever appear before this Court. Li[e]tzke has continually filed frivolous lawsuits against the City of Montgomery, Alabama, and its police officers for more than a decade. Lietzke has filed similar cases in districts across the country." Doc. 3 at 1–2 (quotation and citation omitted).

*Lietzke v. Greyhound Lines, Inc.*, Case No. 2:20-cv-01965-RKK, Dec. 14, 2020 Order (Doc. No. 5 at 2 n.1) (N.D. Ala. Dec. 14, 2020).

Despite many warnings and consequences from this and other courts, Lietzke has continued to serially file substantially the same lawsuits again and again here and in courts all across the country. Something must be done. His vexatiously repetitive complaints are not harmless. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate [judge], or the [district] judge." *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986). Though Lietzke's complaints are invariably dismissed prior to service of process, they repeatedly waste scarce judicial resources by requiring the court to address the same deficiencies again and again and again. At times, the court unnecessarily duplicates the work of other courts because it is unaware[20] that some other court has already addressed the deficiencies in the same complaint. Even as this Recommendation is being

---

[20] Lietzke habitually omits from his filings any information related to previous dismissals or concurrent litigation of the same matters, and each time he files a complaint in this District, the court simply does not have the resources to review the records of every other federal and state court in the country to determine whether he has previously pursued or is currently pursuing the same case elsewhere.

34

drafted, judicial resources are being once again diverted from pressing matters to address ten serial, frivolous filings[21] by Lietzke.

In light of the previous warnings by this court and others, Lietzke's repetitive filings in this court and elsewhere are not merely careless mistakes. Lietzke has been told that he violates Rule 11(b) of the Federal Rules of Civil Procedure by repeatedly filing complaints that he knows are frivolous and that fail to state a claim upon which relief can be granted. Further, as Judge Capel warned Lietzke years ago, refiling the same complaint when he knows the claims within it are without merit constitutes vexatious abuse of process warranting appropriate sanctions. "'[F]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.'" *Shell v. U.S. Dep't Of Hous. And Urb. Dev.*, 355 F. App'x 300, 308 (11th Cir. 2009) (quoting *Martin–Trigona v. Shaw*, 986 F.2d 1384, 1386–87 (11th Cir. 1993)). Courts may sanction such conduct, and they also have considerable discretion in crafting injunctions to protect against abusive and vexatious litigation, so long as the plaintiff is not completely closed off from any access to the court. *Id.*; *Thomason v. Deutsche Bank, Tr. for Home Equity Mortg. Loan Asset-Backed Tr. Series*

---

[21] Today, the undersigned is entering Recommendations in the following cases: *Lietzke v. County of Montgomery*, Case No. 2:21-cv-00209-MHT-JTA; *Lietzke v. Greyhound Lines, Inc.*, Case No. 2:21-cv-00208-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:21-cv-00207-ECM-JTA; *Lietzke v. City of Birmingham*, Case No. 2:21-cv-00206-ECM-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01033-MHT-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01032-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01031-WKW-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01030-ECM-JTA; *Lietzke v. City of Montgomery*, Case No. 2:20-cv-01029-RAH-JTA; and *Lietzke v. County of Montgomery*, Case No. 2:20-cv-01028-ECM-JTA.

*INABA 2006-A, Home Equity Mortg. Loan Asset-Backed Certificates Series INABS 2006-A8*, No. 2:22-CV-52-ECM, 2022 WL 4371492, at *8 (M.D. Ala. Sept. 21, 2022); *see also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (noting the court's inherent authority "to fashion an appropriate [compensatory] sanction for conduct which abuses the judicial process'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).

On the basis of the court's inherent power and obligation to protect litigants and its own judicial resources from vexatious and abusive litigation, and to deter Lietzke from impairing the court's function in the future by filing vexatious and repetitive complaints, the undersigned has considered carefully what injunctive consequences to recommend. The undersigned concludes that the following consequences suffice to deter future comparable conduct, enable the court to efficiently evaluate whether a case is frivolously or vexatiously duplicative of other litigation here or elsewhere, do not completely foreclose Lietzke from filing actions in this court, and avoid unduly burdening the court with extra prefiling review processes for handling vexatious litigants:

1.  The undersigned recommends that Lietzke be declared a vexatious litigant because, despite many warnings and consequences, he repeatedly files the same cases here and elsewhere when he knows his complaints are frivolous and fail to state a claim upon which relief can be granted. *See Thomason*, 2022 WL 4371492, at *8 (declaring that the plaintiff was "an abusive and vexatious litigant" because he "wasted valuable Court resources" by "fil[ing] the same or substantially the same"

36

claims against the same defendant despite "being repeatedly told by this Court (and probably others) that his claims … are without merit").

2. The undersigned also recommends that the court order that Lietzke shall be barred from proceeding *in forma pauperis* in this District against Defendants City of Birmingham and Patrick D. Smith for any cause of action arising out of Defendant's alleged actions that occurred on or about April 20, 2018, and further advising Lietzke that any such cases shall be subject to summary dismissal with prejudice.

3. Further, the undersigned also recommends that the court order that Lietzke shall not file in this District any more motions to proceed *in forma pauperis* without an accompanying notarized affidavit, sworn under penalty of perjury, in which he states whether he has ever filed any lawsuits in any court arising out of the same incident(s), acts(s), or occurrence(s) as are implicated in the complaint on which he seeks to proceed *in forma pauperis*. If he has filed any related lawsuits, he must include in his signed, notarized affidavit the name of the court(s) where each such lawsuit was filed, the case number of the related case(s), and the status of the related litigation. He must also attach to his sworn, notarized affidavit (1) a current copy of the docket sheet for each such case and (2) a copy of each and every complaint that he has filed in any such case. Any such attached copy of a complaint shall bear the dated "filed" stamp of the Clerk of the Court in which it was filed, or it shall bear the mark of the CM/ECF (PACER) system showing that it is a copy of the complaint that is in the official court record. Failure to follow these instructions shall result in

37

denial of the motion to proceed *in forma pauperis* and may result in dismissal of the case with or without prejudice for failure to comply with the court's orders. *See Procup*, 792 F.2d at 1072 (11th Cir. 1986) (listing approaches courts have used to address litigants who bring frequent or repetitive claims, including  "requiring litigants to accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing" and "direct[ing] the litigant to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action, and to send an extra copy of each pleading filed to the law clerk of the chief judge of the district").

Lietzke is ADVISED that, whether or not the court adopts the recommendation in the preceding paragraph, in any case pending before the undersigned, the undersigned will require Lietzke to comply with the preceding paragraph before the undersigned grants any more applications to proceed *in forma pauperis* and before the undersigned undertakes the review process required by 28 U.S.C. § 1915(e)(2)(b).

Further, Lietzke is ADVISED that he will be subject to sanctions or further injunctive action in the future for filing a complaint that has been dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted, or for filing a complaint that has been dismissed without prejudice on the same grounds without making any meaningful attempt to amend the complaint to address the deficiencies. Sanctions for such conduct may include, but are not limited to, dismissal of his case with or without prejudice, payment of attorneys' fees in the event that another party incurs them, other

monetary sanctions, or limitations on his ability to file suit in this court without preapproval. Such sanctions may be imposed pursuant to Rule 11 of the Federal Rules of Civil Procedure, this court's inherent authority to manage its own docket "so as to achieve the orderly and expeditious disposition of cases" and compliance with its orders, *Chambers*, 501 U.S. at 43, the court's inherent authority to impose a compensatory sanction on conduct that abuses the judicial process, Rule 41(b)[22] of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1651.

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The court dismiss Lietzke's § 1983 claim with prejudice and without an opportunity to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and as frivolous pursuant to § 1915(e)(2)(B)(i).

2. Pursuant to § 1406(a) and, alternatively, § 1404(a), the court transfer Lietzke's remaining state law claim for false imprisonment to the United States District Court for the Northern District of Alabama, Southern Division.

3. The court declare Lietzke to be a vexatious litigant.

---

[22] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

39

4. The court prohibit Lietzke from proceeding again *in forma pauperis* in this District against Defendants City of Birmingham and Patrick D. Smith with respect to any cause of action arising out of the incidents that form the basis of his Complaint in this case, and that the court advise Lietzke that any such cases filed against Defendants in this District shall be subject to summary dismissal with prejudice for failure to comply with court orders, and may also be subject to other sanctions for violation of court orders.

5. As a consequence of Lietzke's status as vexatious litigant, the court order that any future *in forma pauperis* motions Lietzke files in this District shall be accompanied by a sworn, notarized affidavit stating whether he has ever filed any lawsuits in any court arising out of the same incident(s), acts(s), or occurrence(s) as are implicated in the complaint on which he seeks to proceed *in forma pauperis*. If he has filed any related lawsuits, he must include in his signed, notarized affidavit the name of the court(s) where each such lawsuit was filed, the case number of the related case(s), and the status of the related litigation. He must also attach to his sworn, notarized affidavit (1) a current copy of the docket sheet for each such case and (2) a copy of each and every complaint that he has filed in any such case. Any such attached copy of a complaint shall bear the dated "filed" stamp of the Clerk of the Court in which it was filed, or it shall bear the mark of the CM/ECF (PACER) system showing that it is a copy of the complaint that is in the official court record. Failure to follow these

instructions shall result in denial of the motion to proceed *in forma pauperis* and may result in dismissal of the case with or without prejudice for failure to comply with the court's orders.

It is further ORDERED that on or before **May 17, 2023**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; see *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

It is further ORDERED that, on **or before May 17, 2023**, Lietzke shall **SHOW CAUSE** why he should not be sanctioned for violating Rule 11(b)(1)-(3) of the Federal

Rules of Civil Procedure by repetitively filing the same case against Defendants City of Birmingham and Patrick D. Smith knowing that his Complaint fails to state a claim upon which relief can be granted and knowing that his claims have previously been dismissed as frivolous and for failure to state a claim upon which relief can be granted. **Failure to comply with this Order may result in sanctions, including dismissal of this case with prejudice or monetary sanctions.**

DONE this 3rd day of May, 2023.

*Jerusha J. Adams*

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

42